**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 12-7037

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

RASHEED ADEWALE MARTINS,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern
District of Virginia, at Alexandria. James C. Cacheris, Senior
District Judge. (1:11-cr-00343-JCC-1)

Submitted: August 22, 2012        Decided: August 27, 2012

Before WILKINSON, GREGORY, and DIAZ, Circuit Judges.

Dismissed in part and affirmed in part by unpublished per curiam
opinion.

Rasheed Adewale Martins, Appellant Pro Se. Patrick Joseph
Finnerty, Special Assistant United States Attorney, James
Patrick McDonald, OFFICE OF THE UNITED STATES ATTORNEY,
Alexandria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Rasheed Adewale Martins seeks to appeal the district court's order denying his motion for return of cash seized and its order denying his 18 U.S.C. § 983(e) motion to set aside the civil forfeiture. We dismiss in part and affirm in part.

When the United States or its officer or agency is a party, the notice of appeal must be filed no more than sixty days after the entry of the district court's final judgment or order, Fed. R. App. P. 4(a)(1)(B), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5), or reopens the appeal period under Fed. R. App. P. 4(a)(6). "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." Bowles v. Russell, 551 U.S. 205, 214 (2007).

The district court's order denying the motion for return of cash seized was entered on the docket on March 1, 2012. The notice of appeal was filed on June 6, 2012.[*] Because Martins failed to file a timely notice of appeal or to obtain an extension or reopening of the appeal period, we dismiss the

---

[*] For the purpose of this appeal, we assume that the date appearing on the notice of appeal is the earliest date it could have been properly delivered to prison officials for mailing to the court. Fed. R. App. P. 4(c); Houston v. Lack, 487 U.S. 266 (1988).

appeal of the order denying Martins' motion for return of cash seized.

Martins also seeks to appeal the district court's denial of his motion to set aside the forfeiture. Martins was arrested on June 8, 2011, at Dulles International Airport by United States Customs and Border Patrol ("CBP"). At the time of his arrest, CBP seized $2800 in cash from him. On June 21, 2011, CBP sent Martins a letter serving as official notification that the $2800 was subject to forfeiture pursuant to 19 U.S.C. § 1595a(a) (2006). Martins responded to this letter on June 28, 2011 contesting the forfeiture of the cash and requesting that CBP consider his petition administratively. On September 15, 2011, CBP denied Martins' petition and notified Martins that he had sixty days in which to submit a supplemental petition. If Martins did not submit a supplemental petition, the property would be forfeited. Martins did not file a supplemental petition.

On March 19, 2011, Martins filed a motion to set aside the forfeiture under 18 U.S.C. § 983(e). Section 983(e) permits a plaintiff to challenge a civil forfeiture if he "did not know or have reason to know of the seizure within sufficient time to file a timely claim." Martins acknowledges that he had sufficient notice of the administrative forfeiture action. Accordingly, we affirm the district court's order denying the

3

motion to set aside the forfeiture. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>DISMISSED IN PART;</u>
<u>AFFIRMED IN PART</u>